Lawrence **CROFT**, and John **O'Neal**, on behalf of themselves and on behalf of all others similarly situated, Plaintiffs-Appellees,

and

Walter Smith,
Intervenor-Plaintiff-Appellee,

v.

NEW YORK CITY TRANSIT AUTHORITY POLICE DEPARTMENT et al.,
Defendants-Appellants,

and

Robert Dowd et al.,
Intervenors-Defendants-Appellants.

Nos. 330, 331 and 332, Dockets 78–7314, 78–7321 and 78–7334.

United States Court of Appeals,
Second Circuit.

Argued Nov. 20, 1978.

Decided Nov. 29, 1978.

---

4. In its own footnote, the Court said, "The statement in *Morrissey v. Brewer*, 408 U.S. 471, 480, [92 S.Ct. 2593, 33 L.Ed.2d 484] (1972), that '[p]arole arises after the end of the criminal prosecution, including imposition of sentence' was addressed to the decision determining the time of *release* on parole as distinguished from the decision determining *eligibility*." 417 U.S. at 659 n. 9, 94 S.Ct. at 2536 n. 9.

**576**

William D. Wells, New York City, for plaintiffs-appellees Croft, et al.

Lawrence S. Cumberbatch, New York City, for intervenor-plaintiff-appellee Smith.

Murray A. Gordon, New York City (Gordon & Schechtman, New York City, Walter M. Meginniss, Jr., New York City, of counsel), for intervenors-defendants-appellants Dowd, et al.

Before FEINBERG and MULLIGAN, Circuit Judges, and NEWMAN, District Judge.*

* Of the United States District Court for the District of Connecticut, sitting by designation.

PER CURIAM:

This appeal is from an order of the United States District Court for the Eastern District of New York, John F. Dooling, J., which granted a preliminary injunction sought by a transit authority police sergeant, intervenor-plaintiff-appellee, enjoining promotions to the position of Lieutenant from Sergeant in the New York City Transit Authority Police Department from Eligibility List No. 1610 (EL 1610). The basis for the injunction was a consent decree entered before Judge Dooling in December 1975, in settlement of a discrimination action brought by a class of black transit policemen. At that time, EL 1610 was due to expire in June 1977. The consent decree envisioned a new monitored examination to produce a new eligibility list after expiration of EL 1610.

In 1976, the New York State legislature amended § 56 of the New York Civil Service Law, which allows the commission having jurisdiction to "extend the duration of any eligible list for a period equal to the length of [a] restriction against the filling of vacancies." Purportedly pursuant to this provision, EL 1610 was unilaterally extended by defendants until June 1978 without notice to the class of black transit policemen. When further extension to June 1979 was sought this year, intervenor-plaintiff-appellee, a member of the class, brought suit to enjoin use of the list. We are told that EL 1610 consists only of 14 or 15 white Sergeants.

Judge Dooling enjoined the promotions on the ground that the list had expired in June 1977 because it was invalidly extended for two alternative reasons. The judge's first reason, based on state law, was that there was no "restriction against the filling of vacancies" within the meaning of § 56 to trigger the discretion to extend the life of the list. The second reason was that the unilateral extension was not permissible under the terms of the consent decree.

We affirm the judgment of the district court only on the ground that it was not

unreasonable for the district court to construe the consent decree as barring unilateral extension of EL 1610. Our affirmance should not be interpreted as approving of the district judge's construction of § 56, a question upon which we expressly decline to rule. This affirmance is, however, without prejudice to an application by any of the appellants to the district court to consider the contention, apparently raised for the first time on appeal, that the consent decree should be interpreted to permit EL 1610 to be used to fill the number of positions that opened before the original expiration of the eligibility list in June 1977.